## JAFFE & ASHER LLP

ATTORNEYS AT LAW

600 THIRD AVENUE
NEW YORK, NY 10016-1901
212-687-3000
TOLL FREE 888-625-9895

ESTABLISHED 1974
WWW.JAFFEANDASHER.COM

PLEASE RESPOND TO WHITE PLAINS OFFICE

445 HAMILTON AVENUE, SUITE 405
WHITE PLAINS, NY 10601
TEL 212-687-3000
FAX 914-437-8076

October 24, 2025

**VIA ECF**

Hon. Kenneth M. Karas, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**

Plaintiffs are directed to respond to this letter by no later than **January 7, 2026**.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.
Dated: 01/02/2026

**Re:  Hartnett et al. v. Liberty Mutual Holding Company, Inc. et al.
Civil Action No.          7:24-cv-00050 (KMK)**

Dear Judge Karas:

Our firm represents defendant LIBERTY INSURANCE CORPORATION ("Liberty") in the above-mentioned action.  We submit this letter, pursuant to Your Honor's Individual Motion Practices and Rules, and Local Civil Rule 37.2, applicable for a pre-motion discovery conference in anticipation of filing a motion to compel discovery, pursuant to Fed. R. Civ. P. 37(a).  As discussed below, Liberty has made a good faith effort to resolve the parties' discovery dispute prior to seeking judicial intervention.

As you are aware, this action concerns insurance coverage for a water pipe burst that occurred at the premises known as 365 Saint Johns Avenue, Yonkers, New York (the "Premises"), owned by the plaintiffs RICHARD HARTNETT and AINE DEMPSEY (the "Plaintiffs").  Liberty issued a LibertyGuard Deluxe Homeowners Policy, Policy No. 837-221-828671-40 2 4, with a policy period from December 2, 2022, to December 2, 2023, to Plaintiffs as the Named Insureds (the "Policy").

The parties in this matter have exchanged written discovery and produced documents.  However, the Plaintiffs' responses and document production are wholly insufficient.  On March 11, 2025, Liberty served the Plaintiffs with Liberty Insurance Corporation's First Set of Interrogatories (the "Interrogatories") and Liberty Insurance Corporation's First Set of Document Demands to Richard Hartnett and Aine Dempsey (the "Document Demands"), both dated March 11, 2025.  On or about May 7, 2025, the Plaintiffs served Liberty with responses to the Document Demands and the Interrogatories.  These responses were wholly insufficient.

On or about May 7, 2025, the Plaintiffs also produced some documents responsive to the Document Demands.  However, there were "Exhibits" referenced in Plaintiffs' responses that were not produced.  On or about May 7, 2025, I called and emailed Plaintiffs' counsel informing them that Exhibits 15-21 were not produced, even though they were referenced in Plaintiffs responses.

On June 18, 2025, I emailed Plaintiffs' counsel a list of discovery issues with the

FLORIDA          GEORGIA          NEW JERSEY          NEW YORK          TEXAS

Hon. Kenneth M. Karas, U.S.D.J.
October 24, 2025
Page 2

Plaintiffs' responses and document production. On July 10, 2025, I called and emailed Plaintiffs' counsel following up on the June 18, 2025, email. By letter dated July 25, 2025, Plaintiffs' counsel responded to the June 18, 2025, email, largely standing by the Plaintiffs' responses and objections to the Interrogatories and Document Demands. On August 22, 2025, and September 29, 2025, Plaintiffs produced certain documents responsive to the Document Demands, but still fell short of the documents that were demanded.

On October 22, 2025, Plaintiffs' counsel and I spoke over the phone concerning the outstanding discovery issues in this matter. Plaintiffs' counsel stood by Plaintiffs' responses and objections to Liberty's Interrogatories and Document Demands and informed me that we would need Court intervention.

The outstanding discovery is as follows:

1.      Plaintiffs, where they stated they were producing responsive documents, did not state whether they were producing all responsive documents, specifically with regard to Document Demands 3, 5, 6, 7, 11, 12, 17, 19, 20, 22, 23, 24, 25, 28, 30, 30, 31, 32, 35, 36, 37, 38, 42, 43, 44, 47, and 51. Plaintiffs' counsel refuses to confirm his production.

2.      Liberty's Document Demand 4 demanded the production of documents concerning payments made to Liberty for premium obligations under the Policy. Plaintiffs have not responded to or produced documents responsive to this Demand.

3.      Liberty's Document Demand 17 demanded the production of leases or rental agreements, whether for autos or real property, entered into by Plaintiffs for the time period of January 1, 2021, to January 1, 2024. Plaintiffs only produced one lease between themselves and Patrick McKenna for one of Plaintiffs' properties 151 Vernon Avenue, Yonkers, New York ("151 Vernon"), stating that other leases are irrelevant. Plaintiffs have refused to produce other leases.

4.      Liberty's Document Demand 18 demanded the production of Plaintiffs' state, federal, and local income tax filings made for the 2022, 2023, and 2024 tax years. Plaintiffs have refused to provide such documents.

5.      Liberty's Document Demands 19 and 49 demanded the production of utility bills, credit card bills, property tax invoices, cable service bills, internet and/or wifi company invoices, and bank account statements for the Plaintiffs and/or the Premises. Plaintiffs produced some utility bills and Verizon bills but refuses to provide any credit card statements or bank account statements.

6.      Liberty's Document Demands 26 and 27 demanded the production of any paystubs, W-2s, and/or 1099s issued to Plaintiffs for the time period of January 1, 2021, to January 1, 2024. Plaintiffs simply responded by stating "Self-employed." Plaintiffs did not produce any documents responsive to these Demands.

Hon. Kenneth M. Karas, U.S.D.J.
October 24, 2025
Page 3

7.      Liberty's Document Demand 29 demanded the production of documents concerning sworn statements in proof of loss served by the Plaintiffs on Liberty for the alleged loss. Plaintiffs have refused to produce the document, stating that it has already been produced. However, it has not been produced. This Demand is relevant and proportional to the needs of this case to determine whether Plaintiffs' complied with a condition precedent in the Policy.

8.      Liberty's Document Demand 32 demanded the production of documents concerning personal property allegedly damaged in the alleged loss, including the estimate of the value of such property. Plaintiffs simply made a list of personal property that was damaged, did not provide an estimate of the value of such property, and referred to an Exhibit in its production that is not responsive to this Demand. This Demand is relevant and proportional to the needs of this case to determine the amount of damages claimed by Plaintiffs.

9.      Liberty's Document Demand 33 demanded the production of documents concerning the deed, lease, and/or ownership of any other real property owned or leased by the Plaintiffs. Plaintiffs have refused to produce such documents.

10.      Liberty's Document Demand 34 demanded the production of documents concerning the deed and/or ownership of 151 Vernon. Plaintiffs responded by saying the deed is attached as "Exhibit 18", but he Exhibit 18 that was produced is a title report for the purchase of the Premises, not a deed for 151 Vernon.

11.      Liberty's Document Demand 36 demanded the production of documents concerning utility bills, credit card bills, property tax invoices, cable service bills, internet and/or wifi company invoices, and bank account statements pertaining to the Plaintiffs for the time period of January 1, 2021, to January 1, 2024, for 151 Vernon. Plaintiffs have refused to produce these documents.

12.      Liberty's Document Demand 39 demanded the production of documents concerning the employment records for Patrick McKenna. Plaintiffs have refused to produce these documents. This Demand is relevant and proportional to the needs of this case to obtain information concerning Patrick McKenna, the individual that Plaintiffs' claim leased 151 Vernon.

13.      Liberty's Document Demand 45 demanded the production of documents concerning mortgage statements for 151 Vernon for the time period of January 1, 2021, to January 1, 2024. Plaintiffs have refused to produce these documents.

14.      Liberty's Document Demand 46 demanded the production of documents concerning mortgage applications for 151 Vernon for the time period of January 1, 2021, to January 1, 2024. Plaintiffs simply stated that the property was sold on "4/22/202", and refused to produce responsive documents.

15.      Liberty's Document Demand 48 demanded the production of documents concerning phone usage records for the Plaintiffs' cell phones for the date covering the alleged

Hon. Kenneth M. Karas, U.S.D.J.
October 24, 2025
Page 4

loss, February 4, 2023, to February 6, 2023. Plaintiffs have not produced any responsive documents. This Demand is relevant and proportional to the needs of this case because Plaintiffs claim that at the time of the loss, Plaintiffs received a call from an unknown neighbor informing them of the water coming out of their home.

16.    Liberty's Interrogatory 1 requests the identification of individuals who resided at 151 Vernon including the current address and telephone number for each individual. Plaintiffs only stated Patrick McKenna, but refused to provide the address and phone number.

17.    Liberty's Interrogatory 8 requests the identification of the address and phone number for Patrick McKenna. Plaintiffs refused to provide this information. This Interrogatory is relevant and proportional to the needs of this case to identify the information of a material witness in this case.

18.    Liberty's Interrogatory 9 requests the identification of each address of each residence where Plaintiffs lived from December 2, 2022, to February 6, 2023. Plaintiffs stated they moved in with friends and family following the alleged loss, but refused to provide the identification of such friends and family.

19.    Liberty's Interrogatory 10 requests the identification of documents reflecting the address of each residence where Plaintiffs have lived. Plaintiffs simply listed an address, but did not state what that address was or who owned it.

20.    Liberty's Interrogatory 12 requests the identification of companies that issued credit cards to Plaintiffs from December 2, 2022, to February 6, 2023. Plaintiffs said they would produce copies of credit card billings prior to the purchase of the Premises and the billings thereafter. However, Plaintiffs have not produced such documents.

21.    Liberty's Interrogatory 13 requests the identification of all utilities, cable services, internet companies, and wifi companies that issued invoices, paper or electronic, to Plaintiffs from December 2, 2022, to February 6, 2023. Plaintiffs simply referred to ConEd and Verizon billings, but did not state whether these two entities were all the entities responsive to this Interrogatory.

22.    Liberty's Interrogatory 14 requests the identification of all oil, electric, and/or gas companies used to provide heat to the Premises from December 2, 2022, to February 6, 2023. Again, Plaintiffs simply referred to Verizon and ConEd billings, but did not state whether these were all the companies responsive to this Interrogatory.

23.    Liberty's Interrogatory 17 requests the identification of all real property owned by the Plaintiffs from December 2, 2022, to February 6, 2023. Palintiffs identified a list of addresses, but did not state whether this was all the real property responsive to this Interrogatory.

24.    Liberty's Interrogatory 18 requests the identification of all utility

Hon. Kenneth M. Karas, U.S.D.J.
October 24, 2025
Page 5

companies for each property owned by Plaintiffs. Plaintiffs simply referred to ConEd and Verizon, but did not state whether this was all the utility companies.

25.     Liberty's Interrogatory 19 requests the identification of banks where Plaintiffs maintained accounts during the time from December 2, 2022, to February 6, 2023. Plaintiffs refused to do so.

26.     Liberty's Interrogatory 20 requests the identification and itemization of damages claimed by Plaintiffs. Plaintiffs simply referred to its document production and said the damages were a moving target and cannot be provided. This Interrogatory is relevant and proportional to the needs of this case to determine the amount of damages alleged by Plaintiffs.

The documents demanded in paragraphs 3, 4, 5, 6, 9, 10, 11, 13, and 14 above, and the responses to the Interrogatories in paragraphs 16, 18, 19, 20, 21, 22, 23, 24, and 25 are relevant and proportional to the needs of this case to determine Plaintiffs' primary residency, a central issue in this case.

Due to these discovery disputes, our office respectfully requests a pre-motion discovery conference before Your Honor. We look forward to discussing this matter with the Court. Thank you.

Respectfully Submitted,

William H. Trizano

cc:     David B. Friedrich, Esq. (via ECF)