## JAFFE & ASHER LLP

ATTORNEYS AT LAW

PLEASE RESPOND TO WHITE PLAINS OFFICE

600 THIRD AVENUE
NEW YORK, NY 10016-1901
212-687-3000
TOLL FREE 888-625-9895

ESTABLISHED 1974
WWW.JAFFEANDASHER.COM

445 HAMILTON AVENUE, SUITE 405
WHITE PLAINS, NY 10601
TEL 212-687-3000
FAX 914-437-8076

February 4, 2026

**VIA ECF**

**MEMO ENDORSED**

Hon. Victoria Reznik, U.S.M.J.
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, New York 10601

> Re:  **Hartnett et al. v. Liberty Mutual Holding Company, Inc. et al.**
> **Civil Action No.    :    7:24-cv-00050 (KMK)**

Dear Judge Reznik:

Our firm represents defendant LIBERTY INSURANCE CORPORATION ("Liberty") in the above-mentioned action. We submit this letter, pursuant to Your Honor's Minute Entry dated January 20, 2026, directing the parties to submit a joint status letter updating the Court on the status of any discovery issues that remain outstanding. Counsel for plaintiffs and myself met and conferred on January 30, 2026, via telephone. Counsel for plaintiffs consents to this letter.

### A.    Liberty's Position

In line with the Court's directive, Liberty narrowed its demands to the time period of October 1, 2022 (two months before the purchase of the subject premises), to March 31, 2023 (one month after the alleged loss). Liberty served a Second Set of Document Demands and Amended First Set of Interrogatories (the "Demands") on plaintiffs limiting the demands to that time frame. In order to encompass relevant documents, as was discussed on the Court conference call from January 20, 2026, the Demands seek documents and responses that were entered into and "in effect" during that time period. Plaintiffs' counsel objects to the words "in effect" claiming that encompasses any document to the beginning of time. As Your Honor is aware, the words in effect were explicitly discussed with Your Honor, and Your Honor agreed "in effect" may be used in the Demands and is not overly broad. For example, an auto insurance policy that was not entered into during that time period may be "in effect" or covers that time period and requires the insureds to notify the insurance company of any change in primary residence. As such, the documents "in effect" during that time period are relevant as well.

Plaintiffs' counsel argues that the documents concerning the deed, lease, and or ownership of any other real property owned or leased by the plaintiffs for that time period are irrelevant. These documents are relevant because one of Liberty's positions for disclaiming coverage is for the plaintiffs misrepresenting their primary residence. Plaintiffs allege they own other real property where the plaintiffs could have resided other than the subject premises. As such, these documents are relevant.

FLORIDA          GEORGIA          NEW JERSEY          NEW YORK          TEXAS

Hon. Victoria Reznik, U.S.M.J.
February 4, 2026
Page 2

Plaintiffs' counsel objects to the production of mortgage statements and mortgage applications for their other property, 151 Vernon Avenue, Yonkers, New York. This property is relevant because it is where the plaintiffs lived prior to the purchase of the subject premises. As such, the mortgage application is relevant because generally in mortgage applications, the mortgage company requires the applicants to inform the mortgage company if the applicants will be using the home as their primary residence, while also informing the applicants that they would need to notify the mortgage company if they moved their primary residence. The mortgage statements are relevant because they will show the address they have listed with the mortgage company as their primary residence.

As for the other documents demanded, plaintiffs' counsel informed me that, with the Court's directive of narrowing the time frame and allowing the plaintiffs to redact privileged and/or personal information not relevant to this matter, plaintiffs would produce responsive documents on or before February 13, 2026. These documents include those documents demanded in Demands 1, 2, 3, 4, 5, 9, 10, 11, and 12 of Liberty's Second Set of Document Demands. Plaintiffs counsel also informed me that on or before February 13, 2026, plaintiffs would produce the relevant information identifying Patrick McKenna's contact information, including his address and telephone number, the identification of those individuals who allowed the plaintiffs to reside in their home shortly after the alleged loss, and a spreadsheet of the damages claimed by plaintiffs in this matter.

**B.      Plaintiffs' Position**

Plaintiff refers to the defendant's discovery demands and plaintiffs' responses to those discovery demands. Defendant's Second Set of Document Demands is annexed hereto as Exhibit "A"; Defendant's Amended First Set of Interrogatories is annexed hereto as Exhibit "B"; and plaintiffs' responses to the defendant's discovery demands are annexed as Exhibit "C".

Respectfully Submitted,

*William Trizano*

William H. Trizano

cc:      David B. Friedrich, Esq. (via ECF)

Upon review of the joint status letter above, the Court finds that the parties have narrowed their discovery disputes to the following outstanding requests: document requests 6, 7, and 8, as well as documents "in effect" during the relevant time period in Defendant's Second Set of Document Demands to Plaintiffs. (ECF No. 49-1). The Court finds that these requests, as written, are consistent with its directives from the conference held on 1/20/2026. Thus, Plaintiffs must produce the documents in requests 6, 7, and 8, as well as documents "in effect" during the relevant time period. Again, Plaintiffs' responses to the document demands may include redactions, to the extent that confidential or personal information not related to the issue of Plaintiffs' primary residence may be redacted.

With respect to Defendant's Interrogatories, (ECF No. 49-2), neither party raised issues in either this joint letter or the prior conference. The Court directs the parties to meet and confer, if they have not done so already, to resolve, or at least substantially narrow, any dispute relating to Defendant's Interrogatories, consistent with the Court's directives. By no later than **February 27, 2026**, the parties are directed to submit a joint status letter updating the Court on the status of any discovery issues that remain outstanding.

The Clerk of Court is kindly directed to close the gavel on ECF No. 37.

SO ORDERED.

*Victoria Reznik*

Hon. Victoria Reznik, U.S.M.J.

Dated: 2/12/2026